United States District Court
Southern District of Texas
**ENTERED**
February 03, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JADE CHRISTIAN MOORE, TDCJ #01989759, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-14 CIVIL ACTION NO. 3:17-CV-18 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | CIVIL ACTION NO. 3:17-CV-24 CIVIL ACTION NO. 3:17-CV-25 |
| Respondent.[1] | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Jade Christian Moore (TDCJ #01989759), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Moore has filed four petitions for writs of habeas corpus under 28 U.S.C. § 2254 to challenge the results of four prison disciplinary proceedings. The Court will *sua sponte* consolidate the cases into the earliest case number pursuant to Federal Rule of Civil Procedure 42(a). After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that these petitions must be **DISMISSED** for the reasons set forth below.

---

[1] Because Moore is in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division, Director Lorie Davis has been substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. BACKGROUND

According to the TDCJ website, Moore is incarcerated in the Wayne Scott Unit in Brazoria County, although he is due to be released in less than three weeks. In these habeas proceedings, Moore challenges not his underlying convictions but the results of four prison disciplinary proceedings lodged against him. The charges and punishments for the disciplinary cases were:

(1) Case number 20170054689—Offense code 24 (Refusing or failing to obey orders)—10 days of recreation restriction;

(2) Case number 20160040837—Offense code 27 (Out of place)—10 days of recreation restriction;

(3) Case number 20160337180—Offense code 24 (Refusing or failing to obey orders)—10 days of recreation restriction; and

(4) Case number 20160154226—Offense code 20 (Sexual misconduct)—30 days of recreation restriction and 30 days of commissary restriction.

For the reasons set forth below, the Court holds that Moore fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II. PRISON DISCIPLINARY PROCEEDINGS

Moore seeks federal writs of habeas corpus to challenge four prison disciplinary convictions. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*,

507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, a habeas corpus petitioner must establish a constitutional violation in order to prevail. Moore's claims, on their face, fail to make the requisite showing.

### A. Due Process

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are only entitled to relief under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). These protected liberty interests can emanate from either the Due Process Clause itself or from state law—*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)—but the range of constitutionally protected liberty interests is a "narrow" one. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin*).

Moore does not identify any particular right found in the Due Process Clause upon which his habeas petitions are grounded. The disciplinary convictions did not reduce Moore's time-earning classification or otherwise affect his eligibility for early release from prison, and in any event the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional*

*Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, Moore's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *see also Kyle*, 65 F.3d at 31–32. In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 956–59 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007) (discussing the mandatory supervision schemes in place both before and after September 1, 1996). It follows that a Texas prisoner cannot demonstrate a constitutional violation without first establishing: (1) that he is eligible for early release on mandatory supervision; and (2) that the disciplinary conviction at issue resulted in a loss of credit for good conduct (*i.e.*, good-time credit). *Malchi*, 211 F.3d at 956–59 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Moore says in his petitions that he did not lose any previously earned good-time days as a result of any of his disciplinary convictions. This is fatal to his due process claims. Moreover, the temporary limitations imposed on Moore's privileges did not implicate due process concerns because those limitations did not affect the duration or fact of Moore's

4

confinement (he is still set to get out in only three weeks) and did not constitute atypical, significant hardships that go beyond the ordinary incidents of prison life. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)).

Because the sanctions at issue do not implicate a protected liberty interest, Moore cannot demonstrate a violation of the Due Process Clause. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Kyle*, 65 F.3d at 31–32; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petitions must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petitions filed in this case are governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The Clerk is **ORDERED** to consolidate Case Number 3:17-CV-14, Case Number 3:17-CV-18, Case Number 3:17-CV-24, and Case Number 3:17-CV-25, making Case Number 3:17-CV-14 the lead case.

2. The consolidated cases are **DISMISSED** with prejudice.

3.     A certificate of appealability is **DENIED**.

4.     All pending motions in all four cases are **DENIED** as moot.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _____February 3_____, 2017.

                                                      GEORGE C. HANKS, JR.
                                                      UNITED STATES DISTRICT JUDGE